Attachment

4

FILED: 08/19/2002
CID: 2002-00438478
WY Secretary of State

# ARTICLES OF ORGANIZATION

of

## Monarch Capital Holdings, LLC
### A Wyoming Limited Liability Company

$\sqrt{6085}$

### ARTICLE I

Name: The name of this Limited Liability Company shall be Monarch Capital Holdings, LLC

### ARTICLE II

TERM AND DURATION: The term and duration of this Limited Liability Company shall be perpetual, unless sooner dissolved in a manner authorized by State Laws.

### ARTICLE III

REGISTERED AGENT: The name and mailing address of the Registered Agent for this Limited Liability Company who agrees and on whom service of process, notice or demand that is required or permitted by Law to be served on the Limited Liability Company is:

**Monarch Capital Holdings, LLC**
Jannice McLain
434 6th Avenue North
Greybull, Wyoming 82426

### ARTICLE IV

BUSINESS PURPOSE: This Limited Liability Company intends to engage in any lawful business, whether for profit or not, subject to any provision of law governing or regulating such business within this State.

### ARTICLE V

NUMBER AND CLASSES OF MEMBERS: This Limited Liability Company is being formed with one or more member as provided under the Wyoming Laws. If however, there be two or more members, their interest, participation and voting rights may be allocated between different classes of members as may be authorized under regulations duly adopted in an Operating Agreement.

### ARTICLE VI

MANAGEMENT (BY MANAGERS): The management of the business affairs and property of this Limited Liability Company shall be vested in one or more managers who need not be members, but shall be appointed by a majority vote of the members, if there

be more than one member, with full authority to actively manage the business affairs and property of this Limited Liability Company, subject to the rights, powers and duties authorized pursuant to the Operating Agreement duly adopted by the member(s).

The name(s) and address(es) of the person(s) who shall serve as manager(s) of this Limited Liability Company at the time of its formation and continually for such periods as hereafter fixed by the member(s) or as provided in the duly adopted Operating Agreements is (are):

Norman E. Schmidt
250 E. 54ᵗʰ Avenue, Ste. C
Denver, Colorado 80216

### ARTICLE VII

This company formed under the laws of Wyoming may transact business and maintain offices for such purposes as other places either within or without the State of Wyoming.

### ARTICLE VIII

CAPITALIZATION: This Limited Liability Company shall be initially capitalized with capital contributions made by its member or members, whichever the case may be, who may contribute, or promise to contribute cash, property or services.

The value of the capital contributions of property or services is the fair market value of such property or services either at the time the property is lawfully transferred or the services rendered to this Limited Liability Company.

### ARTICLE IX

LIMITATION OF LIABILITY: The member, managers, employees, officers or agents of this Limited Liability Company are not liable, solely by reason of being a member, manager, employee, officer, or agent of this Limited Liability Company for the debts, obligations and liabilities incurred by this Limited Liability Company whether arising in contract or tort, under a judgment decree or order of a court or otherwise.

### ARTICLE X

LAWFUL AGENTS: (a) If management of this Limited Liability Company is vested with the members, as may be provided herein under Article VI, each such member is a lawful agent of this Limited Liability Company for the purpose of carrying on its business in the usual way, unless any such member has, in act, no authority to act for this Limited Liability Company as provided either under Paragraph (b) of this Article or the Operating Agreement; otherwise, the acts of each member, including the execution in the name of this Limited Liability Company of any document, instrument or business papers

0414281

for carrying on in the usual way, the business of this Limited Liability Company, legally binds this Limited Liability Company in all business transactions.

(b)    If management of this Limited Liability Company is vested in one or more managers, as may be provided herein under Article VI, a member is not an agent of this Limited Liability Company for the purpose of carrying on its business in the usual way, as each manager is the lawful agent of this Limited Liability Company and whose acts, including the execution in the name of this limited Liability Company of any document, instrument or business papers for the purpose of carrying on its business in the usual way, legally binds this Limited Liability Company in every business transaction.

## ARTICLE XI

ASSIGNMENT OF MEMBERS INTEREST: (a)  The interest of any member may be assigned in whole or in part to a third party or parties, provided, however, such assignment does not dissolve this Limited Liability Company; nor does it entitle the assignee to participate in the management of the business and affairs of this Limited Liability Company, unless assignees is duly admitted as a member upon the written and unanimous consent of all members.

    (b) If an interest in this Limited Liability Company is acquired directly from this Limited Liability Company upon the unanimous consent of all members, then such an additional member is entitled to all the rights, privileges, immunities and restrictions accorded all members pursuant to these Articles of Organization and/or the duly adopted Operating Agreement.

    (c) When a member assigns all or part of his or her interest in this Limited Liability Company to a third party or parties, such member is not released from his or her liability to the Limited Liability Company, unless or until the written unanimous consent of all members is given, whether or not assignee has been accepted as a lawful member of this Limited Liability Company.

## ARTICLE XII

INDEMNIFICATION: This Limited Liability Company shall indemnify every manager, employee, officer, agent or any other persons performing the usual business of this Limited Liability Company, or his or her heirs, executors and administrators, against expenses reasonably incurred by him or her in connection with any action, suit or proceeding holding such person to be liable for negligence or misconduct.

In the event of a settlement, indemnification shall be provided only in connection with such matters covered by the settlement(s) to which this Limited Liability Company is advised by counsel that the person to be indemnified did not commit such breach of duty; however, this right of indemnification shall not be exclusive of other rights to which he or she may be entitled. And as used in this Article, expenses shall include amounts of judgments, penalties or fines rendered or levied against such manager or member, and the

amounts paid in settlement thereof, provided, however, such payments shall have been approved by all the members of this Limited Liability Company.

## ARTICLE XIII

ACTION BY CONSENT: Any action taken by the members or manager, whichever is vested with the management of the business and affairs of this Limited Liability Company, which significantly effects either the capital or liability of this Limited Liability Company shall be first duly authorized by the written unanimous consent of all of the managers or members, whichever is applicable.

## ARTICLE XIV

OPERATING AGREEMENT: If there be two or more members, the members shall by unanimous consent, adopt an Operating Agreement at their organizational meeting that will direct the management, regulation and government of the business affairs and property of this Limited Liability Company. Said Operating Agreement may be amended from time to time by a majority vote of the members or manager, whichever is vested with the management of this Limited Liability Company.

## ARTICLE XV

RECORD DATE: The record date in which this Limited Liability Company for the purpose of winding up its year end business affairs, which may include the appointment, resignation, or withdrawal or expiration of the term of any appointed manager, or the assignment and transfer of any member's interest and voting rights, or any other operation matters, shall be December 31st of each year.

IN WITNESS WHEREOF, I have set my hand this 19 day of August 2002.

Norman E. Schmidt, Senior Manager

0414283

## CONSENT TO APPOINTMENT
## BY REGISTERED AGENT

Wyoming Secretary of State
Corporations Division
The State Capitol Building
Cheyenne, WY 82002-0020

Phone (307) 777-7311/7312
Fax (307) 777-5339
E-mail: corporations@state.wy.us

I, ___JANNICE  MCLAIN_____, voluntarily consent to serve as the

registered agent for ___MONARCH  CAPITAL  HOLDINGS  LLC___

on the date shown below.

The registered agent certifies that he is: (circle one)

☒ *(a)*   *An individual who resides in this state and whose business office is*
          *identical with the registered office;*

☐ *(b)*   *A domestic corporation or not-for-profit domestic corporation*
          *whose business office is identical with the registered office; or*

☐ *(c)*   *A foreign corporation or not-for-profit foreign corporation autho-*
          *rized to transact business in this state whose business office is iden-*
          *tical with the registered office.*

Dated this ___19 th____ day of ___August_____, 2002.

_____
Signature of Registered Agent

Revised: 5/2000

0414284

# State of Wyoming

## Office of the
## Secretary of State



**United States of America,**
**State of Wyoming** } **ss.**

CERTIFICATE OF **ORGANIZATION**

OF

... MONARCH CAPITAL HOLDINGS, LLC ...

I, JOSEPH B. MEYER, Secretary of State of the State of Wyoming, do hereby certify that the prerequisites for the issuances of this certificate have been fulfilled in compliance with law, and are found to conform to law.

Accordingly, the undersigned, by virtue of the authority vested in me by law, hereby issues this Certificate.



IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Wyoming. Done at Cheyenne, the Capital, this 19th day of AUGUST A.D., 2002.

_____
**Secretary of State**

By _____

STATE OF WYOMING
Secretary of State
I hereby certify that this is a true
and complete copy of the document
as filed in this office.

Secretary of State

By:

Date:

0414286