**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   NORMAN SCHMIDT
2.   GEORGE ALAN WEED,
3.   PETER A.W. MOSS,
4.   CHARLES LEWIS,
5.   JANNICE McLAIN SCHMIDT,
6.   MICHAEL SMITH,
7.   GEORGE BEROS,

    Defendants.

## ORDER

**Blackburn, J.**

The matter before me is **Defendant Charles Lewis' Motion to Sever Securities Fraud Counts 18-29 Contained in the Second Superseding Indictment** [#653], filed February 6, 2006. I deny the motion to sever.

In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case *pro tanto*, the reasons stated, arguments advanced, and authorities cited by the parties in their papers,[1] and the totality of relevant circumstances. Based on the foregoing, I enter the following findings of fact,[2] conclusions of law, and order.

---

[1] The issues raised by and inherent to the defendants' motions for severance are briefed adequately, thereby obviating the necessity for evidentiary hearing or oral argument.

[2] Any finding of fact is based on a preponderance of the extant relevant evidence.

Defendants are currently charged in a 48-count Second Superseding Indictment with eight counts of mail fraud, eight counts of wire fraud, twelve counts of securities fraud, and eighteen counts of money laundering, as well as a single count of conspiracy to commit mail, wire, and securities fraud.[3]  In connection with the securities fraud counts, the Second Superseding Indictment alleges that defendants concealed from current and prospective investors the material fact, *inter alia*, that defendant Lewis had previously been convicted of felony theft and was on probation for that offense at the time of the acts relevant to the Second Superseding Indictment.

Defendants pin their motion for severance on the alleged anomaly between, on the one hand, my previous ruling denying their motions to strike similar language from prior incarnations of the Indictment as surplusage (*see* Order Re: Motions to Strike Paragraphs 29 through 35 of the Superseding Indictment [#429], filed May 13, 2005), and, on the other, my ruling that evidence related to the underlying investment program which led to Lewis's conviction would lead to undue delay and potentially confuse the jury and therefore was inadmissible under Fed.R.Evid. 404(b).  (*See* Order Re: Government's Notice of Intent to Seek Admission of Extrinsic Evidence of "Other Acts" Pursuant to Fed.R.Evid. 404(b) [#439], filed May 20, 2005.)[4]  Defendants conclude from these rulings that the fact of Lewis's previous conviction, although potentially admissible

---

[3] The final count of the Second Superseding Indictment seeks forfeiture of any property constituting or derived from proceeds of mail fraud, wire fraud, or securities fraud.

[4] My discussion of the Rule 403 issues in this order was arguably dicta, as I had already found that the government had failed to explicate the relevance of the proffered acts, as specifically required by my marshaling order.  The evidence therefore was subject to exclusion under Fed.R.Evid. 401 and as a sanction for failure to comply with my discovery order.  (*See* Order Re: Government's Notice of Intent to Seek Admission of Extrinsic Evidence of "Other Acts" Pursuant to Fed.R.Evid. 404(b) at 3-4.)

in connection with the securities fraud counts, is inadmissible as to every other aspect of the case. It is on this basis that they request severance of those counts.

In our federal system there exists a pronounced presumption in favor of joint trials and against severance. Joint trials promote economy and efficiency and serve the interests of justice by avoiding multiple trials and inconsistent verdicts. ***Zafiro v. United States***, 506 U.S. 534, 540, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). This strong presumption in favor of joint trials is designed to conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the necessity of having witnesses reiterate testimony in a series of trials. ***United States v. Kennedy***, 819 F.Supp. 1510, 1516 (D. Colo. 1993). Joint trials also promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts[.]" ***Richardson v. Marsh***, 481 U.S. 200, 210, 107 S.Ct. 1702, 1708-09, 95 L.Ed.2d 176 (1987). Given this strong presumption, defendants shoulder the burden of establishing prejudice sufficient to warrant severance under Rule 14. ***United States v. Price***, 265 F.3d 1097, 1105 (10th Cir. 2001). Defendants must demonstrate also that severance is the only remedy sufficient to ameliorate the prejudice presented by a joint trial. ***Zafiro,*** 113 S.Ct. at 938.

Defendants have utterly failed to meet that burden here. Their motions fail to even cite to Rule 14, let alone show how its relevant standards require severance in this matter.[5] Instead, defendants attempt to transmogrify my evidentiary rulings into a substantive principle of criminal procedure. This attempt fails. Although evidence of

---

[5] Moreover, it is not clear how the requested relief would lessen any prejudice to defendants Beros and McLain-Schmidt in any event. As to them, the request to sever the securities fraud counts, as opposed to severing their individual cases from Lewis's, seems particularly ill-suited to alleviate any prejudice that may inure to them as a result of their association with Lewis.

the other acts that led to Lewis's conviction may be inadmissible, the mere fact of the conviction itself carries none of the inherent dangers envisioned by my previous order, which dangers cannot be adequately managed by the use of proper limiting instructions. *See United States v. Linn*, 31 F. 3d 987, 992 (10th Cir. 1994); *United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989), *cert. denied*, 110 S.Ct. 872 (1990).[6]

**THEREFORE, IT IS ORDERED** that **Defendant Charles Lewis' Motion to Sever Securities Fraud Counts 18-29 Contained in the Second Superseding Indictment** [#653], filed February 6, 2006, is **DENIED**.

Dated March 7, 2006, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**

---

[6] For this same reason, defendants' alternative request for relief – that I "exclude" the material facts alleged in connection with the securities counts – is denied also. Moreover, I have previously found that these allegations are not surplusage, and defendants' request to "exclude" these facts is simply a motion to reconsider that ruling. Nothing warrants such reconsideration here. *See United States v. D'Armond*, 80 F.Supp.2d 1157, 1170-71 (D. Kan. 1999).