**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 04-cr-00103-REB-04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. CHARLES LEWIS,

    Defendant.

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

**Blackburn, J.**

The matter before me is the **COVID-19 "The CARES Act" Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)** [#1945],[1] filed April 17, 2020, by defendant, Charles Lewis, who is proceeding pro se.[2] Having considered carefully the motion, the record, and the apposite law, I deny the motion.

As suggested by the title of the motion, Mr. Lewis seeks relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (the "First Step Act" or the "Act").[3] Specifically, he requests the court grant him a compassionate

---

[1] "[#1945]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. Lewis is proceeding pro se, I view and treat his motion with the judicial munificence due a pro se litigant. *See **Erickson v. Pardus**,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton**,* 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner**,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[3] Although the title of the motion also invokes the recently enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat 281 (March 27, 2020), nothing in that act authorizes this court to provide the relief Mr. Lewis seeks here. The only section of the act potentially relevant to Mr. Lewis's request for release provides the Director of the Bureau of Prisons with authority to

release pursuant to the Act.

The First Step Act does not change the substantive standards governing compassionate release. **United States v. Willis**, 382 F.Supp.3d 1185, 1187 (D.N.M. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (noting proposed sentence reduction still must be "supported by: (1) extraordinary and compelling reasons; (2)"applicable policy statements issued by the Sentencing Commission[;] and (3) the factors set forth in [18 U.S.C. §] 3553(a)") (internal quotation marks omitted).  Instead, section 603(b) of the Act expands the universe of who may seek such relief.  **See** First Step Act, 132 Stat. at 5239 (noting purpose of section 603(b) is to "increas[e] the use and transparency of compassionate release").  Whereas previously, only the Director of the Bureau of Prisons could file a motion compassionate release, **United States v. Gutierrez**, – F.Supp.3d –, 2019 WL 1472320 at *1 (D.N.M. Apr. 3, 2019), now a defendant himself may seek such relief from the court, but only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," 18 U.S.C. § 3582(c)(1)(A).

Mr. Lewis does not claim or circumstantiate that he has sought relief from the Director of the Bureau of Prisons to grant him a compassionate release, much less that

---

"lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under certain conditions.  CARES Act § 12003(b)(2).  The Attorney General has directed the Director "to prioritize the use of your various statutory authorities to grant home confinement for inmates seeing transfer in connection with the ongoing COVID-19 pandemic," and enumerates a number of factors that might inform those decisions.  (**See** William Barr, Memorandum for Director of Bureau of Prisons, *Prioritization of Hone Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020) (available at:  https://www.scribd.com/document/453791032/COVID-19-BOP-Memo-Re-Home-Confinement-2020-03-26) (last accessed April 21, 2020).  However, nothing in the CARES Act changes the necessity of making a proper request for compassionate release to the Director in the first instance.

he has exhausted all available administrative remedies. Thus, his motion for relief under the First Step Act must be denied.

**THEREFORE, IT IS ORDERED** that the **COVID-19 "The CARES Act" Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)** [#1945], filed April 17, 2020, by defendant, Charles Lewis, is denied, but without prejudice to refiling if he first exhausts all administrative remedies under the First Step Act of 2018.

Dated April 21, 2020, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge